UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRION HARVEY,

    Plaintiff,

v.

JASON HUBBLE, QUENTIN MARINO, UNKNOWN MARIO, JASON HUISKENS, JAMES MARQUEZ, JEFF BRECHTELSBAUER, and ERIC WEBER,

    Defendants.
_____/

Case No. 2:24-cv-10248
District Judge Gershwin A. Drain
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 21)

I.    Introduction

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Terrion Harvey (Harvey), proceeding *pro se*, alleges that Jason Hubble (Hubble) or Quentin Marino (Marino) sexually assaulted him while he was confined in the Saginaw County Jail and defendants Mario, Jason Huiskens (Huiskens), James Marquez (Marquez), Jeff Brechtelsbauer (Brechtelsbauer), and Eric Weber (Weber) failed to

1

prevent or stop it.[1]  *See* ECF No. 1.  Defendants are all corrections officers at the Saginaw County Jail.  (ECF No. 11, PageID.37-38).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF Nos. 13, 26).

Before the Court is Harvey's second motion to appoint counsel (ECF No. 21).[2]  The defendants have filed a response, arguing that the motion should be denied because Harvey has not met the standard for appointment of counsel.  (ECF No. 25).  For the reasons discussed below, Harvey's second motion to appoint counsel will also be DENIED.

## II.     Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  "Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits.  *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotation marks and citations omitted).

## III.    Discussion

Harvey asserts that counsel should be appointed for him because he is

---

[1] In their answer, defendants deny that Mario is a person who is employed as an officer at the Saginaw County Sheriff's Department.
[2] The first motion was denied by the undersigned on May 22, 2024.  (ECF No. 14).

2

unable to afford counsel, the issues in this case are complex, he is in segregation and has limited access to the law library, and he has limited knowledge of federal litigation. (ECF No. 21, PageID.88).

However, as stated in the order denying Harvey's first motion to appoint counsel,

> Harvey has not demonstrated an exceptional need for counsel at this time. An "exceptional circumstance" is something "beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). In his motion, Harvey cites his incarceration and anticipated discovery difficulties due to his incarceration as the main reasons that he needs counsel. (ECF No. 3, PageID.18-19). Incarceration and the discovery difficulties that come along with it are "relatively routine circumstances" that all imprisoned litigants face.

(ECF No. 14, PageID.57-58).

The inability to afford counsel and lack of legal knowledge are not exceptional circumstances justifying the appointment of counsel. Further, the difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation).

As stated in the prior order, "[i]f any of Harvey's claims survive dispositive motion practice or circumstances otherwise significantly change, he may file a new

3

motion for the appointment of counsel." (ECF No. 14, PageID.58).  Harvey has not indicated that his circumstances have changed significantly since his first motion, and no dispositive motions have been filed or decided.  As such, Harvey's second motion to appoint counsel is denied.

IV. Conclusion

For the reasons discussed above, Harvey's motion to appoint counsel (ECF No. 21) is DENIED.

SO ORDERED.

Dated: January 10, 2025  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2025.

s/Julie Owens  
Case Manager