UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRION HARVEY,

          Plaintiff,

v.

          Case No.: 2:24-cv-10248
          Hon. Gershwin A. Drain

JASON HUBBLE *et al.*,

          Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [ECF No. 34] AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 29]

On January 30, 2024, Plaintiff Terrion Harvey filed this action against multiple corrections officers from Saginaw County Jail. *See* ECF No. 1. Harvey alleged that one of these officers sexually assaulted him and that the others failed to intervene. As a result, he brought a federal claim for violation of his Eighth Amendment rights under 42 U.S.C. § 1982 and pendent state law claims for assault and battery, gross negligence, and intentional infliction of emotional distress. *Id.*

This matter is before the Court on Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. *See* ECF No. 29. The Court referred all pretrial matters in this case to Magistrate Judge Altman. *See* ECF

1

No. 26. On June 12, 2025, Magistrate Judge Altman issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion for Summary Judgment in the entirety. Neither Harvey nor the defendants in this action filed any objections to her R&R. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court.").

Upon review of the record and Magistrate Judge Altman's R&R, the Court concludes that she reached the correct conclusions.

As for Harvey's state law claims, Magistrate Judge Altman resolved them even though she recommended dismissal of Harvey's sole federal claim. However, Magistrate Judge Altman noted that the Court could choose to decline to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c) and dismiss them without prejudice instead. ECF No. 34, PageID.346 n.5. The Court concludes that exercising jurisdiction over the state law claims and dismissing them with prejudice is proper. Although "the balance of considerations" usually points to declining to exercise supplemental jurisdiction when federal claims are dismissed, in some instances retaining jurisdiction is appropriate. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). This may be the case where the parties have completed discovery and where a defendant's summary judgment motion is "ripe for decision." *Id.* It may also be the case where "it is absolutely clear how the

2

pendent claims can be decided" or where the claims are "patently frivolous." *Martin v. Detroit Prosecutor's Off.*, No. 06-CV-12155, 2007 WL 851307, at *4 n.2 (E.D. Mich. Mar. 20, 2007). These circumstances are present here. Discovery is closed, the defendants have filed their motion for summary judgment, and Harvey's state law claims could never prevail for the reasons described in Magistrate Judge Altman's R&R.

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Altman's June 12, 2025 Report and Recommendation [ECF No. 34] as this Court's findings of fact and conclusions of law. Defendants' Motion for Summary Judgment [ECF No. 29] is hereby **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated: July 21, 2025

                                              s/Gershwin A. Drain
                                              HON. GERSHWIN A. DRAIN
                                              United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager